UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BP PRODUCTS NORTH AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> HAGOP BAGA, <br><br> Defendant. | CIVIL ACTION NO. 08-1802 (DMC) <br><br> **DECLARATION OF JONATHAN K. COOPERMAN IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION** |

Jonathan K. Cooperman, declares, under penalties of perjury pursuant to 28 U.S.C. § 1746 the following:

1. I am a member of the firm of Kelley Drye & Warren LLP, counsel for plaintiff BP Products North America Inc. I make this Declaration in support of BP's current application for an Order requiring defendant Hagop Baga ("Baga") to allow BP to construct a retaining wall on property that BP leases to Baga located at 342 Gorge Road in Cliffside Park.

2. I have had a number of conversations with Baga's counsel Kenneth Herbert in an attempt to convince him to allow BP to undertake the construction. Mr. Herbert has told me that he does not doubt that a new retaining wall needs to be constructed at the Service Station. While he has questioned whether there is an imminent need to construct a new wall, he has admitted that the timing of the construction is not a factor. Mr. Baga's position is that he will not permit BP onto the property at any time for the following reasons.

3. First, Mr. Herbert said that Mr. Baga wants to keep the service bays open during the time of construction. I have explained to Mr. Herbert that this will be a major

construction project with a lot of heavy equipment throughout the Service Station. Indeed, I understand that as part of the construction process one of the service bays will need to be torn down. For safety reasons BP cannot have on-going repair work and have customers attempting to drive their vehicles through a construction zone to access the bays (see DeAntonio Declaration).

4. Second, Mr. Herbert told me that Mr. Baga would need some type of rent reduction during the period of construction. Under the parties' Lease Agreement, Mr. Baga pays BP $4,911.73 in monthly rent (see Lease Agreement attached to the DeAntonio Declaration). I informed Mr. Herbert that BP representatives had already told Mr. Baga that no rent would be charged to him during the time that the Service Station is closed.

5. Third, Mr. Herbert said that he wanted BP to provide some sort of compensation to Mr. Baga during the period that the station is closed. There is no basis for BP to provide compensation to Mr. Baga. Indeed, BP is already going well above and beyond what it is required to do for Mr. Baga. Under the parties' Lease Agreement, it is Mr. Baga who is obligated to pay for the cost of repairs to the facility (see § 9 of the Lease Agreement, attached as Exhibit "B" to the DeAntonio Declaration"). BP is thus saving Mr. Baga $600,000 by agreeing to now fund the cost of the retaining wall, a project which Mr. Herbert concedes needs to be done.

6. On April 10, 2008, Mr. Herbert sent me a letter stating his client's position, which is attached hereto as Exhibit "A". My response letter is attached hereto as Exhibit "B".

7. Mr. Baga acknowledges that the wall needs to be repaired, but apparently will not acknowledge that this poses a real and imminent safety problem at the Service Station.

After having a large portion of the neighbor's property, including a border fence, deck and above-ground swimming pool, collapse onto the Service Station, the warmer weather and spring rains pose a much greater danger for further erosion and collapses (see DeAntonio Declaration). Mr. Baga should not be permitted to jeopardize neighborhood safety, while attempting to negotiate what he wrongfully perceives is a better economic deal.

8.  BP's bona fides in bringing this action for safety reasons is confirmed by the fact that BP's own economic interests are completely aligned with Mr. Baga. Like Mr. Baga, BP only earns money through the sale of gasoline. BP is anxious to repair the Service Station to a safe condition as soon as possible and again have Mr. Baga operate it.

April 11, 2008

_____
Jonathan K. Cooperman